UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE JAMES SALEM, ) | |
|                 Plaintiff, ) | Case No. 1:15-cv-08997 |
| v. ) | |
| SCOTT A. KOZLOV, individually, ) | |
| JEROME LARKIN, individually, JOEL ) | |
| A. BRODSKY, and JOHN DOE, ) | |
| individually, ) | |
|                 Defendants. ) | |

### VERIFIED COMPLAINT

Now come the Plaintiff, MAURICE JAMES SALEM of the Law Offices of Salem & Associates P.C., counsel *pro se*, who pleads the following Complaint against the above named Defendants.

### NATURE OF THE ACTION

1. This is a "class-of-one discrimination" case under 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3), in violation of the Equal Protection clause of the Fourteenth Amendment to the US Constitution and in violation of Plaintiff's procedural due process right under the Fifth Amendment. The Plaintiff Maurice James Salem ("Salem") is a New York attorney who has *two residence*, one in New York and the other in Illinois, and he is currently *domiciled* in New York. Defendants Scott A. Kozlov ("Kozlov"), Jerome Larkin ("Larkin") and John Doe are agents of an Illinois state agency, Attorney Registration & Discipline Commission ("ARDC"), who are state actors, acting under the color of law, and are being sued only in their individual capacity. Defendant Joel A. Brodsky ("Brodsky") is a private actor being sued under 42 U.S.C § 1985(3), for collusion with the state actors, Kozlov, Larkin and Doe, for depriving Plaintiff of his constitu-

tional rights and to injure Plaintiff, his business and his reputation on the basis of malice and ill will.

2. The Judge and attorneys in the case *Marayah Diagnostic LLC v. Westfield Plaza LLC,* Case No. 12 CH 22853 ("*Marayah*"), observed obvious malice and ill will by Brodsky towards Salem. In the *Marayah* case, Brodsky filed a motion based on clearly false facts, incomplete facts, mischaracterized facts in an effort to disqualify Salem's *pro hac vice* appearance in that case. The Judge reviewed Brodsky's motion, together with Salem's Response, and he denied it. Subsequently, Brodsky repeatedly continued to ask the Judge to remove Salem from the case, telling the Judge that the ARDC is going to stop Salem's *pro hac vice* appearance. Brodsky specifically mentioned the name "Scott Kozlov" who was going to stop Salem in the presence of the Judge and several attorneys on the case. Moreover, Brodsky said to Salem in presence of the other attorneys on the case that Salem was going to get a "***surprise***" from the ARDC. In addition to these facts, and based on the facts set forth below and in Complaint's **Exhibit 1**, it is not in dispute, and it will not be in dispute, that Brodsky has malice and ill will towards Salem.

3. On July 11, 2015, Salem submitted a Rule 707 Statement to appear *pro hac vice* on another case and attempted to pay $250 fee on the ARDC website. However, the website refused to take Salem's payment. In fact, even though Salem submitted a Rule 707 Statement and Salem's account should have indicated "total due" as $250, the total due was $0 (see Exhibit F to Complaint **Exhibit 1**). In fact, without notice or a hearing, Salem was prohibited from filing to appearing *pro hac vice,* despite the clear and indisputable fact that Salem qualifies under Rule 707 to appear on a *pro hac vice* basis.

4.      On September 9, 2015, Defendant Kozlov filed a motion similar to the one Brodsky filed, except Kozlov's motion contained additional material that was *confidential* (see Complaint **Exhibit 2)**, to terminate Salem's pending cases in which he appears on a *pro hac vice* basis.  Defendant Kozlov's motion contained blatant false facts, incomplete facts and mischaracterize facts, similar to Brodsky's motion.  What was most shocking to Salem, is that Kozlov's Motion contained *confidential* material that Salem had expected to remain confidential, and was told it was confidential, when he had previously disclosed said confidential material to the ARDC.  In addition, there are Committee rules, such as Rule 11, that require such material to remain *confidential*, see **Exhibit 1**.  After Kozlov was presented with the true facts, and had an ample opportunity to review the facts in Salem's Response to his motion, **Exhibit 1**, Kozlov still refused Salem's request to withdraw the motion.  In open court before a Judge and several attorneys, after the briefing was complete and Kozlov was ready to argue his motion, Salem requested again that Kozlov withdraw his motion, **Exhibit 2**, but Kozlov continued to refuse.

5.      Brodsky knew in advance that Salem's *pro hac vice* privilege was going to terminate and he knew Kozlov was planning to file a motion, **Exhibit 2**, months earlier.  Kozlov's motion is very similar to Brodsky's motion, except for the *confidential* material.  Kozlov had reviewed Salem Response, **Exhibit 1**, which clearly shows the false facts in Kozlov's motion, and Kozlov had previously investigated the matter and found no violations, but yet Kozlov refused to withdraw his motion.  Thus, there is no rational basis for Kozlov to have disclosed confidential material, to continue to assert blatant false facts, not to give Salem notice and a hearing before taking the state action of stopping Salem from filing online to appear *pro hac vice*, and not to withdraw his motion, unless Kozlov, and possibly other state actors, were in collusion with Brodsky.

3

Brodsky's ill will and malice applies to the state actors who, for whatever reason, conspired with Brodsky. In fact, Kozlov had previously investigated this exact matter in 2013, and found no violations (Exhibits A & B to Complaint **Exhibit 1**). The only difference between the 2013 complaint and the 2014 complaint was the person complaining, which was Brodsky. Thus, there can be no other possible explanation, but collusion.

6. 42 USC § 1985(3) is pleaded against the private Defendant Brodsky, for collusion with the government agents acting under the color of law, to deprive Salem of his constitutional rights.

## JURISDICTION AND VENUE

7. Federal question jurisdiction over the subject matter of this action is under 28 USC §§ 1331, 1343(a)(3), 1343(a)(4), 2202, 42 USC §§ 1981, 1983 & 1985(3), and the federal laws at issue are the Fifth Amendment Due Process clause and Fourteenth Amendment Equal Protection clause to the US Constitution. Venue is based on Defendants' domicile and place of occurrence.

## PARTIES

8. Plaintiff Maurice James Salem is the attorney who was prohibited from appearing on a *pro hac vice* basis in Illinois.

9. Defendant Scott A. Kozlov is the agent of Illinois ARDC who filed motion to terminate Salem's pending *pro hac vice* cases.

10. Defendant Jerome Larkin is the Illinois ARDC agent who authorized the state action against Salem.

11. Defendant Joel Brodsky is the attorney with ill will and malice against Salem who caused the state actors, through collusion, to deprive Salem of his constitutional rights.

4

12.     Defendant John Doe is any other agent of the ARDC who acted based on collusion with Brodsky.

## STATEMENT OF FACTS

13.     Plaintiff Salem meets all of the qualifications to appear on a *pro hac vice* in Illinois, pursuant to Supreme Court Rule 707, and two state court judges who reviewed the specific facts related to Rule 707(i), gave specific factual basis as to why Salem qualifies.

14.     On November 17, 2014, Defendant Brodsky filed a motion to terminate Salem's *pro hac vice* appearance in the state court case *Marayah Diagnostic LLC v. Westfield Plaza LLC,* Case No. 12 CH 22853 ("Marayah").  Brodsky sought to disqualify Salem and remove him from the case on the basis that Salem does not qualify to appear *pro hac vice*.  However, Brodsky's motion contained false facts, incomplete facts and misrepresentations and Judge Leroy Martin, in open court before several attorneys on the case, cited specific facts as to why Salem in fact does qualify to appear on a *pro hac vice* basis.  Judge Martin found that none of the provisions in Rule 707(i), which permit a Judge to deny *pro hac vice* appearance, apply to Salem and he denied Brodsky's motion.

15.     In the *Marayah* case, Judge Martin and five other attorneys observed the ill will and malice that Brodsky has towards Salem.  In addition to the prior history between Brodsky and Salem that created the ill will and malice Brodsky has towards Salem, which is described in **Exhibit 1**, Brodsky sent emails to fives attorneys from the *Marayah* case in which he attempted to insult and disparage Salem by presenting incomplete and out of context facts and presenting an outdated court order, which had been reconsidered and modified. In addition, Brodsky made similar remarks about Salem to three attorneys in *Elmosa v Haffar,* Case No 2012L004811, as well as

5

many other Illinois attorneys. In fact, Brodsky obtained information on Salem family's controversy, to hurt Salem. There are many reasons for Brodsky to have a vindictive motive against Salem. There is, and there will be, no dispute that Brodsky has ill will and malice towards Salem.

16. After Brodsky's motion was denied by Judge Martin, Brodsky repeatedly and continuously asked for Salem to be removed because the ARDC has revoked Salem's ability to appear *pro hac vice*, but when the Judge asked for proof, Brodsky had no documentation, but he did mention the name "Scott Kozlov" of the ARDC to the Judge and to several attorneys on the case.

17. On July 11, 2015, Salem submitted a Rule 707 Statement to appear *pro hac vice* on another case and attempted to pay a $250 fee on the ARDC website. However, the website refused to take Salem's payment. In fact, even though Salem submitted a Rule 707 Statement and Salem's account should have indicated a "total due" of $250, the total due was $0 (see Exhibit F to Complaint **Exhibit 1**). Apparently, the ARDC made the decision not to allow Salem to appear *pro hac vice* anymore in Illinois, without notice or a hearing. In July 2015, Salem was prohibited from filing to appear *pro hac vice,* despite the clear and indisputable fact that Salem qualifies under Rule 707 to appear on a *pro hac vice* basis.

18. On September 9, 2015, Defendant Kozlov filed a motion to terminate Salem's *pro hac vice* appearance in pending cases, which was very similar to the one Brodsky filed, except Kozlov's motion contained additional material that was *confidential* (see Complaint **Exhibit 2)**. Defendant Kozlov's motion contained blatant false facts, incomplete facts and mischaracterize facts, similar to Brodsky's motion. What was most shocking to Salem, is that it had *confidential* material that Salem had expected to remain confidential, and was told it was confidential, when

he had previously disclosed said confidential information to the ARDC. In addition, there are Committee rules, such as Rule 11, that require such material remain confidential, see **Exhibit 1**.

19. After Kozlov was presented with the true facts, and had an ample opportunity to review the facts in Salem's Response to his motion, **Exhibit 1**, Kozlov still refused Salem's request to withdraw the motion. In open court before a Judge and several attorneys, Salem requested that Kozlov withdraw his motion, **Exhibit 2**, but Kozlov continued to refuse. The following are Kozlov's blatant false facts, which are described in **Exhibit 1**:

    a) that the character and fitness committee found Salem to have engaged in unauthorized practice of law, or appearing on a case for someone without obtaining proper *pro hac vice* authority. In the 2006 Committee Report only four of seven Committee members did not approve of the number of *pro hac vice* cases that Salem appeared on, even though they were less than five per year, which is allowed under Rule 707; however, there was never a mention that Salem engaged in authorized practice of law or appeared for someone without proper *pro hac vice* authority in the report; this was clearly as false statement by Kozlov;

    b) that Salem presented himself as an Illinois state attorney;

    c) that Salem represented his wife in 2013 case without obtaining *pro hac vice* authority;

    d) that Salem did not pay an ARDC fee for appearing *pro hac vice;*

    e) that Salem has a law office in Illinois.

20. These are clearly erroneous facts with absolutely no evidence to support them. In addition, Kozlov presented a court order that was reconsidered and modified, without disclosing the revised court order, even though he knew of the revised court order. Kozlov knew of the revised

order because he was given Salem's Response with the revised order and he had ample time to review it. Thus, by intentionally presenting an out of date court order that was no longer valid and was in fact modified by the same judge who entered it, *Kozlov was intentionally making a false statement*. Kozlov knew these were false facts because he read Salem's Response, **Exhibit 1**, and had ample time to review it and was ready to argue against it, but in open court, before a state court judge and four attorneys, Kozlov refused to withdraw his motion, **Exhibit 2**, despite knowing his allegations were clearly false.

21. Most shockingly, Kozlov's act of presenting *confidential* material concerning Salem without authorization, is completely unjustified. In addition to the complete disregard to the true facts presented in **Exhibit 1**, Kozlov completely disregarded Salem's right to confidentiality and disclosed his confidential material.

22. Exhibits A & B to Complaint **Exhibit 1**, show that in 2013, Kozlov had previously investigated this exact matter and found no violations. However, now that the complainant is Defendant Brodsky, Kozlov made a new findings, notwithstanding the fact that there was no new evidence presented to him. The only difference between the 2013 ARDC investigation and the 2014 ARDC investigation is the person who did the complaining: Brodsky.

23. The state actors in this case, made the decision to terminate Salem ability to appear *pro hac vice* on state court cases and to terminate his pending *pro hac vice* cases by motion, without notice or hearing. Salem qualifies to appear *pro hac vice* under Rule 707 and he has appeared *pro hac vice* several times in Wisconsin, Indiana, Michigan and Louisiana without problems and although complaints were made there, insufficient evidence was found and those complaints were properly dismissed. See Exhibit D to complaint **Exhibit 1**.

24. Upon information and belief, it is the ARDC's policy to hold an administrative hearing before taking such actions, which is why the agency itself is not being sued. The Defendants in this case, took this state action on the basis of Brodsky's ill will and malice against Salem, in collusion.

25. Brodsky knew in advance that Salem's *pro hac vice* privilege was terminated, even before Salem knew it, and Brodsky knew Kozlov was planning to file a motion, **Exhibit 2**, to terminate Salem's *pro hac vice* appearance in pending cases months earlier. In fact, Kozlov's motion is similar to Brodsky's motion, except for the *confidential* material. Kozlov had reviewed Salem Response, **Exhibit 1**, which clearly shows the false facts in Kozlov's motion, but yet Kozlov refused to withdraw his motion. Moreover, Kozlov had previously investigated this exact matter and found no violations. In view of Salem's Response, **Exhibit 1**, there is no rational basis for Kozlov not to withdraw his motion, unless he, and possibly other state actors, were in collusion with Brodsky. Brodsky's ill will and malice applies to the state actors who, for whatever reason, conspired with Brodsky. There can be no other possible explanation, for the state actors to violate Salem's right to equal protection and to a fair hearing, other than collusion with Defendant Brodsky.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Class-of-one discrimination, under the Equal Protection clause, Fourteenth Amendment)**

26. Plaintiff repeats paragraphs 1 through 25, as though stated herein.

27. Defendants at all time herein, were acting under the color of law.

28. Defendants discriminated against Plaintiff by their above cited actions, which constitutes disparate treatment in comparison to other attorneys.

29. Defendants' actions were done on the basis of malice and ill will towards the Plaintiff herein. Defendants' conduct was irrational and wholly arbitrary, and with an openly admitted motive to deprive Plaintiff of his business and livelihood.

30. The Defendants violated Plaintiff's right under the Equal Protection clause of the Fourteenth Amendment, to the US Constitution, by discriminating against Plaintiff out of malice and ill will as described above. This constitutes a class-of-one discrimination under the Equal Protection clause of the Fourteenth Amendment.

31. **WHEREFORE,** Plaintiff respectfully requests the following relief: an order granting a compensatory award in a money Judgment against Defendants, jointly and severally, in their individual capacities, in the amount of five million dollars ($5,000,000.00) and punitive damages in the amount of fifty million dollars ($50,000,000.00), to deter these Defendants and others similarly situated from repeating such conduct, together with such other or further relief this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Procedural Due Process, under the Fifth Amendment)**

32. Plaintiff repeats paragraphs 1 through 30, as though stated herein.

33. Defendants, at all time herein, were acting under the color of law.

34. The Defendants violated Plaintiff's rights under the Due Process clause of the Fifth Amendment, to the US Constitution, by failing to provide procedural due process. In that, the state actors deprived Salem of appearing on state cases on a *pro hac vice* basis, pursuant to Rule 707, without notice or a hearing.

35. Defendants' conduct herein was irrational, wholly arbitrary and outrageous.

36.     **WHEREFORE,** Plaintiff respectfully requests the following relief: an order granting a compensatory award in a money Judgment against Defendants, jointly and severally, in their individual capacities, in the amount of five million dollars ($5,000,000.00) and punitive damages in the amount of fifty million dollars ($50,000,000.00), to deter these Defendants and others similarly situated from repeating such conduct, together with such other or further relief this Court deems just and proper.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1985(3)
### (Conspiracy between a private actor and government officials)

37.     Plaintiff repeats paragraphs 1 through 35, as though stated herein.

38.     Defendant Brodsky is a private individual, who sought those who acted under the color of law, to injure Plaintiff.

39.     Defendant Brodsky's actions were done on the basis of malice and ill will towards the Plaintiff. Brodsky's conduct was irrational and wholly arbitrary, and with an openly admitted motive to injure Plaintiff.

40.     The Defendants violated Plaintiff's rights under the Equal Protection clause of the Fourteenth Amendment, to the US Constitution, by discriminating against Plaintiff out of malice and ill will as described above. This constitutes a class-of-one discrimination under the Equal Protection clause of the Fourteenth Amendment.

41.     The Defendants also violated Plaintiffs rights under the Due Process clause of the Fifth Amendment, to the US Constitution. Defendants violated Plaintiff's procedural due process right by failing to give notice and a hearing before depriving Salem from appearing on state cas-

es on a *pro hac vice* basis. Also, Defendants' conduct was irrational, wholly arbitrary, and outrageous.

42. **WHEREFORE,** Plaintiff respectfully requests the following relief: an order granting a compensatory award in a money Judgment against Defendants, jointly and severally, in their individual capacities, in the amount of five million dollars ($5,000,000.00) and punitive damages in the amount of fifty million dollars ($50,000,000.00), to deter these Defendants and others similarly situated from repeating such conduct, together with such other or further relief this Court deems just and proper.

**Jury Trial Demanded**
Dated: October 12, 2015**,**

                                              Respectfully submitted,

                                              /s/Maurice James Salem,
                                              Law Offices of Salem & Associates,
                                              Counsel pro se
                                              7156 W. 127th Street, B-149
                                              Palos Heights, IL. 60463
                                              Tel. (708) 277-4775
                                              Fax (708) 357-4029
                                              salemlaw@comcast.net


Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of October, 2015

                                                                             /s/Maurice James Salem